## WILLIAM B. CULLEY ET AL.

## v.

## WILLIAM MOHLENBROCK.

*Administration—Right of Creditor to be Appointed Administrator.*

The heirs at law may, by tendering the amount of his claim, deprive a creditor of his statutory right to be appointed administrator.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Mr. J. B. MAYHAM, for appellants.

Messrs. SMITH, McELVAIN & HERBERT, for appellee.

REEVES, P. J.    Lydia Culley died intestate April 24, 1889, leaving appellants, her children and heirs at law. At the time of her death her property was in the hands of a conservator appointed by the County Court of Jackson County, she having been adjudged a distracted person. On the 18th day of May, 1889, David P. Culley, son and heir at law of the deceased, filed in the County Court a petition and information setting forth the adjudication by the County Court that said Lydia Culley was distracted, the appointment of a conservator, and her death, naming her heirs at law; that there were no debts or claims against her estate except such as the conservator could properly pay; that as one of the heirs and at the request of the others, he asked that upon the settlement of the conservatorship, the conservator be ordered to distribute the estate among the heirs of said Lydia Culley, according to their respective rights, thereby saving the costs of administration. No action was taken by the court upon this petition except to continue the same. On the 3d day of July, 1889, appellee, claiming to be a creditor of Lydia

Culley v. Mohlenbrock.

Culley filed his petition in the County Court, asking that he be appointed administrator of her estate, and filed with his petition, his account against the estate for $18 verified by his oath. This petition came up for action thereon in the County Court on the 6th day of August, 1889, when the heirs presented a counter petition, asking the court not to appoint appellee administrator, but that the conservator be permitted to settle up the estate and if that could not be done, that Dudenbostel, the conservator, be appointed administrator.

It appears that on the 5th day of August, 1889, one of the heirs tendered to appellee the amount of his claim against the estate, but appellee declined to receive it, and the next day at the hearing before the County Court, the attorney for the heirs tendered $18 to appellee, and deposited the same with the clerk for him. Thereupon the County Court denied the petition of appellee and refused his application to be appointed administrator, and appointed Dudenbostel. An appeal was taken to the Circuit Court, where the action of the County Court was reversed, and from the judgment of the Circuit Court this appeal is brought.

The only question which we have thought it necessary to consider in the case is, whether the right, whatever it may be held to be, of appellee, to be appointed administrator of the estate of Lydia Culley, was extinguished by the tender to him of the amount of his claim. Even if the offer to pay him on the 5th day of August was not a good tender, there can be no question as to the tender made on the next day. The only conceivable reason for giving a creditor the right to administer upon the estate of a deceased person over persons generally, is that he has an interest in the estate to the extent of his claim.

When those to whom the estate would go, under the law, offer to pay the claim and tender the same, all reason for giving the creditor a preference in the appointment as administrator ceases. His being a creditor does not give him such a preferential right that it may not be divested by the payment of his claim by those to whom the property of the estate belongs, subject to the payment of the debts of the estate.

Let us suppose a large intestate estate. The heirs know of no debts. They desire to avoid the expense of administration and can, by agreement among themselves, arrange as to the distribution of the property. Under these conditions, there is no application for letters of administration until the sixty days have elapsed. Then some one comes forward with a small claim of a few dollars and applies for letters. Can it be true that the heirs can not pay the claim and defeat the application, but that letters must necessarily be granted to the creditor who holds such a claim, and the heirs thereby be subjected to the payment of commissions upon the whole estate? We think not. Such a rule would work manifest injustice. We have no doubt the Probate Court has the power in such a case to deny the application of the creditor to be appointed administrator. It is said the tender did not include the costs. It must be remembered that the hearing was upon the application of appellee for his own appointment and upon the application of the heirs for the appointment of Dudenbostel. The court decided the controversy by appointing Dudenbostel. No costs were adjudged against appellee, and whatever costs were made became chargeable against the estate. The County Court decided correctly, and the judgment of the Circuit Court should have affirmed the action of the County Court. The judgment of the Circuit Court is reversed and the cause remanded to the Circuit Court, with directions to affirm the action of the County Court.     *Reversed and remanded.*